UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MICHAEL W. CIOCE,

                      Plaintiff,

         - against -

THE COUNTY OF WESTCHESTER, et al.,

                      Defendant.
------------------------------------------------------------x

03 Cv. 6794 (CLB)

***Memorandum and Order***

Brieant, J.

       In this case, Plaintiff Mr. Michael Cioce, *pro se*, asserts retaliatory claims against Defendants County of Westchester, Rocco Pozzi, and Captain Charles Spencer. Before this Court is Plaintiffs' motion for reconsideration/reargument (Doc. 32), filed on February 10, 2006. Opposition papers were filed on February 27, 2006. The Court heard Oral Argument on March 10, 2006.

       Familiarity is assumed on the part of the reader with the facts of this case. See the Opinion of Judge Baer in *Cioce v. The County of Westchester, et al.,* 2003 U.S. Dist. LEXIS 13016 (S.D.N.Y. July 28, 2003); *see also Transcript* dated January 27, 2006 granting County Defendants' motion to dismiss in this case.

       On December 12, 2003 this Court heard Defendants' oral argument to dismiss for failure to prosecute. The motion was granted and the action was dismissed on December 12, 2003. On January 26, 2004, our Court of Appeals vacated and remanded this Court's dismissal for failure

1

to prosecute and affirmed the sanction imposed on Plaintiff pursuant to Fed. R. Civ. P. 59(e).

By letter dated November 29, 2005 (Doc. 25), County Defendants requested that the Court consider County Defendants' December 11, 2003 motion to dismiss. The Court granted this request, and Mr. Cioce was informed by County Defendants, via certified letter (Doc. 27). Mr. Cioce failed to appear on January 27, 2006. On January 27, 2006, by oral Decision, and Judgment dated January 30, 2006, the Court granted County Defendants' motion to dismiss. Plaintiff now seeks reconsideration of the Court's January 27, 2006 Decision.

*The Standard for Reconsideration:*

A motion to reconsider "is to be treated as a Rule 59(e) motion if filed within 10 days of entry of the challenged order and as a Rule 60(b) motion if filed thereafter." *United States v. Clark*, 984 F.2d 31, 32 (2d Cir. 1993). The standard for reconsideration is well-known. As stated by Judge Sweet in *Degrafinreid v. Ricks*, 2006 U.S. Dist. LEXIS 7839 (February 23, 2006, S.D.N.Y.):

> Local Civil Rule 6.3 also governs motions for reconsideration in this district and provides, in pertinent part, as follows: A notice of motion for reconsideration or re-argument of a court order determining a motion shall be served within ten (10) days after the entry of the court's determination of the original motion, or in the case of a court order resulting in a judgment, within ten (10) days after the entry of judgment. There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked . . .Local Civ. R. 6.3.

Motions to alter or amend judgments under Rule 59(e) and for reconsideration under Local Civil Rule 6.3 are evaluated under the same standard. *See Word v. Croce, No. 01 Civ. 9614*

2

(LTS), 2004 WL 434038, at *2 (S.D.N.Y. Mar. 9, 2004); Williams v. New York City Dep't of Corr., 219 F.R.D. 78, 83 (S.D.N.Y. 2003); Griffin Indus., Inc. v. Petrojam, Ltd., 72 F. Supp. 2d 365, 368 (S.D.N.Y.1999). "'[T]he moving party must demonstrate controlling law or factual matters put before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision.'" Word, 2004 WL 434038, at *2 (quoting Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003)); see also Williams, 219 F.R.D. at 83. "Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" Montanile v. Nat'l Broad, Co., 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002) (quoting In re Health Mgmt. Sys. Inc. Secs. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)).

*Mr. Cioce's Contentions*

Plaintiff seeks reconsideration on the following grounds: that Plaintiff was not given notice of the January 27, 2006 oral argument and/or the Court violated its own rules concerning the scheduling of the same (Motion to Reargue/Reconsider at paras. 9-13; Memorandum in Support at pp. 2-3); that the Court already considered County Defendants' December 11, 2003 motion to dismiss and that Defendants' Counsel "deliberately" failed to disclose that fact (Motion to Reargue/Reconsider at para. 7); argues that merits of County Defendants' December 11, 2003 motion to dismiss (Motion to Reargue/Reconsider at paras. 9-13; Memorandum in Support at Points IV through VIII); and requests any other relief this Court may grant (Motion to Reargue/Reconsider at page 12).

The Court denies Mr. Cioce's motion on all stated grounds, and will address each point raised above, in turn. As to the claim of no notice, this Court finds that notice was received by Mr. Cioce. By certified letter dated December 2, 2005 (Doc. 27),County Attorney Matthew Gallagher, informed Mr. Cioce of the oral argument date: "[T]he Honorable Charles L. Brieant has scheduled oral arguments on Defendants' Motion to Dismiss dated December 11, 2003, to take place at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York 10601, on **January 27, 2006, at 10:00 a.m.**" (Doc. 27).

As to the claim that the Court already considered County Defendants' motion to dismiss, this is not so. The Court dismissed Mr. Cioce's case in 2003 for failure to prosecute, and did not resolve the points raised in County Defendants December 11, 2003 motion to dismiss memorandum. The Court, on January 27, 2006, cited both statute of limitations defenses to Mr. Cioce's claims, as well as substantive defenses. The area of First Amendment Retaliatory jurisprudence is well settled in this Circuit, as are the statutes of limitation for the claims Plaintiff raised. Plaintiff has shown no reason that would compel this Court to reconsider its Decision.

Plaintiff's motion is therefore denied.

X

              X

                            X

SO ORDERED.

Dated: White Plains, New York
      March 14, 2006

                                                                    _____
                                                                    Charles L. Brieant, U.S.D.J.